UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:11-CR-69-HAB |
| | ) | |
| TRISTEN ROOT | ) | |

## OPINION AND ORDER

Tristen Root ("the Defendant") filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 72).[1] The Government filed its response to his Motion on July 22, 2020. (ECF No. 75). For the following reasons, the Defendant's Motion will be DENIED.

## PROCEDURAL BACKGROUND

In April 2012, following his guilty plea to a violation of 18 U.S.C. § 922(g)(1), the Defendant was sentenced to 84 months imprisonment with three years of supervised release to follow. The Defendant was released from prison and began his term of supervised release on August 23, 2019. Two months later, the Defendant began violating his term of supervised by using methamphetamine, failing to attend substance abuse treatment, failing to report for several drug screens and moving away from his approved residence without notifying the probation officer. (ECF Nos. 60–62). On January 17, 2020, this Court revoked his term of supervised release and sentenced him to 16 months imprisonment with an additional term of supervised release of 12

---

[1] To the extent the Defendant was seeking a reduction pursuant to the First Step Act ("FSA") and pursuant to this Court's General Order 2020-11, the Court referred the letter to the Northern District of Indiana Federal Community Defenders, Inc. ("FCD") for it to consider representing the defendant with respect to his motion. (ECF No.73). On July 8, 2020, the FCD filed a Notice indicating that it would not be appearing on the Defendant's behalf. (ECF No. 74). Consistent with the Court's order, the Government responded to Defendant's *pro* se motion. (ECF No. 75).

months once released from the BOP. (ECF No. 66).   The Defendant has been housed at FCI Greenville in Greenville, Illinois with an anticipated release date in December 2020.

## DISCUSSION

The Defendant's Motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further, and he has not done so here. This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020); see also *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11,

2020); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.[2]

This Court has repeatedly declined to weigh in on whether the exhaustion requirement is a mandatory one or subject to equitable considerations, such as waiver. *See United States v. Russell*, No. 1:14-CR-6-HAB, 2020 WL 2989160, at *3 (N.D. Ind. June 4, 2020) ("District courts across the country are struggling daily with whether strict compliance with the exhaustion provision is necessary, especially in light of the serious risks associated with COVID-19.") (listing cases). Because of the absence of clear precedent on exhaustion, this Court's preference has been to "put to the side the thorny issue of exhaustion to tackle the easier issue" of whether the defendant has presented extraordinary and compelling reasons to warrant a sentence reduction. *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020); *Council*, 2020 WL 3097461, at *5.  This case is no different.

The Defendant asserts that he has been unable to visit with his family while incarcerated due to COVID-19 and he has behaved during his imprisonment.  He also asserts that he is scared for his life because of COVID-19. (ECF No. 72).

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and

---

[2] The Court is aware that the Government resists the argument that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and has, in all other compassionate release cases in this division, reserved its right to contest this issue.

the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020). !

In this case, the Defendant's filings give this Court no reasons, let alone extraordinary or compelling ones, to justify granting his motion. The Defendant has not articulated any medical condition that makes him more susceptible to the virus nor has he provided any basis for the Court to conclude that he suffers from a serious condition that increases the likelihood of severe consequences from COVID-19.

Defendant has identified some family circumstances that he hopes would warrant his release, namely that he misses interacting with his family and they "really need" him home. While the Court is sympathetic to these concerns of the Defendant these are not the type of family circumstances that would amount to an extraordinary and compelling reason for compassionate release.

Compassionate release is a rare occurrence. An inmate's desire to see and interact with his family while incarcerated is nothing new; however, the BOP has implemented an action plan designed to mitigate the potential spread of COVID-19 inside its facilities, and for the protection of inmates and staff. These measures necessitate the limitation of all types of visitor flow into BOP facilities. Moreover, the Government's brief cites ongoing efforts by the Bureau of Prisons to take additional serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited June 11, 2020); see also, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. !

The efficacy of these and the other measures taken by the BOP are borne out by the relatively few cases reported at the Defendant's facility. As of the date of this Opinion and Order, FCI Greenville is reporting 1 COVID-19 positive inmate, one recovered inmate and zero inmate

deaths.[3] Thus, while the Defendant remains fearful of contracting COVID-19, there is no evidence to suggest that the conditions at FCI Greenville place him at a significant risk. *See, Melgarejo*, , 2020 WL 2395982, at *3 ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus."), *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Finally, with respect to the § 3553(a) factors, the Court observes that the Defendant received a below guidelines sentence of 16 months imprisonment for his supervised release violations, which he terms, "a tectnickle" [sic] violation. Despite committing eight violations of the terms of his supervision shortly upon his release from a substantial sentence of imprisonment, this Court concluded that a below guidelines sentence was sufficient, but not greater than necessary, to achieve the purposes of sentencing. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. Defendant asks this court to consider his conduct while incarcerated as part of his request. Defendant has served approximately half of his term of imprisonment and has an anticipated release date of December 2020, which appears to factor in good time credit he is anticipated to receive. Thus, Defendant is already receiving a benefit for his positive conduct while incarcerated.

---

[3] https://www.bop.gov/coronavirus/

In sum, given the Defendant's past history of non-compliance with supervision and the fact that he has received a below guidelines sentence already, the Court finds that the sentence reduction Defendant seeks would undermine the above statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for the Defendant's release and a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and his motion is DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion (ECF No. 72) is DENIED.

So ORDERED on August 18, 2020.

                                              s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT